# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENGXIAN CHEN,<br><br>                      Petitioner,<br><br>      v.<br><br>TODD LYONS, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-04053-MBK<br><br>ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |

Petitioner Chengxian Chen, a native and citizen of the People's Republic of China, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In June 2026, immigration officers arrested Mr. Chen outside his home and transported him to the Adelanto Detention Facility.

Mr. Chen filed the instant habeas Petition on July 20, 2026. Dkt. 1. He contends that his detention violates his right to due process under the Fifth Amendment and 8 U.S.C. § 1231. *Id.* at 8-10. Respondents filed an Answer in

which they did not meaningfully address Petitioner's due process claims. Dkt. 7.

Because Respondents do not oppose Petitioner's due process claims, the Court concludes that Petitioner is entitled to release because his re-detention without notice and an opportunity to be heard violated due process.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Chengxian Chen is a citizen and national of the People's Republic of China. Dkt. 1 at 3. The Petition states that Mr. Chen "has lived within the United States and maintained a residence prior to his detention by ICE." *Id.* at 4. Petitioner has been investigated in connection with criminal activity in Los Angeles County, but to date, he has not been charged with any crimes. *Id.* at 5-6.

On June 6, 2026, at approximately 6 a.m., Immigration and Customs Enforcement ("ICE") officers arrested Mr. Chen outside his home pursuant to a warrant. *Id.*; Dkt. 7-1 at 5. Respondents have not provided Petitioner's counsel "with documentation identifying the statutory authority under which Petitioner is presently detained." Dkt. 1 at 5. Petitioner's counsel "has made reasonable efforts to determine the precise procedural status of Petitioner's immigration proceedings" but "has been unable to verify the existence or status of any pending immigration proceedings through the publicly available EOIR case status system." *Id.* The Court's search of the EOIR case information system using Petitioner's A number and nationality returns a response of "[n]o case found for this A-number."[1]

Mr. Chen filed the instant habeas Petition on July 20, 2026. Dkt. 1. He argues that his detention violates his right to due process under the Fifth

---

[1] *See* https://acis.eoir.justice.gov/en/ (last searched August 3, 2026).

Amendment and 8 U.S.C. § 1231. *Id.* at 8-10. Mr. Chen seeks immediate release from detention. *Id.* at 16. On July 21, 2026, the Court issued Notice of General Order 26-05 and Briefing Schedule. Dkt. 5.

Respondents timely filed their Answer on July 28, 2026. Dkt. 7. In their one-paragraph answer, Respondents inform the Court that "Petitioner is currently in removal proceedings with his next court date scheduled on August 4, 2026." *Id.* at 2.  They also explain that "Petitioner was detained as a result of changed circumstances – his recent criminal history – and Respondents therefore oppose his release." *Id.* However, they "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time should he wish to pursue that avenue." *Id.*

Petitioner filed a reply on July 31, 2026. Dkt. 9. Both parties have consented to proceed before the Magistrate Judge. Dkt. 8.

## II.    DISCUSSION

Petitioner Chen argues that his detention without notice or a hearing violates procedural due process. Dkt. 1 at 8-9. He also argues that his detention violates due process because the Government has "failed to demonstrate that continued confinement is reasonably necessary to accomplish any legitimate governmental objective." *Id.* at 9. Based on these alleged due process violations, Petitioner requests the Court order his immediate release from custody and prohibit Respondents from re-detaining him absent a pre-deprivation hearing where the Government must show materially changed circumstances warranting his detention. *Id.* at 15-16.

Respondents do not address Petitioner's due process claims in their Answer. The Answer consists of a single paragraph that notifies the Court that Petitioner was detained because of his criminal history and that

Respondents challenge his release from custody, but do not oppose providing Petitioner a bond hearing. Dkt. 7 at 2. Respondents do not acknowledge the Petitioner's due process claims challenging the lack of pre-deprivation process he received, contest the basic facts giving rise to his due process claims, or otherwise seek to justify his continued detention.

Respondent's failure to meaningfully contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents'

failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

"To the extent that respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument." *Luis Alfredo Barajas-Bautista v. Warden, Desert View Annex, et al.*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at \*1 (C.D. Cal. July 13, 2026); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at \*1 (C.D. Cal. July 27, 2026) (granting release where "Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner sought in the alternative and registered their opposition to any other form of relief."). Where the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [ ] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "The court is 'not a roving commission' charged with making respondents' case for them." *Barajas-Bautista*, 2026 WL 2058433, at \*1 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). As such, "respondents have not met their burden 'to show cause why the writ should not be granted.'" *Id.* (quoting 28 U.S.C. § 2243).

This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at \*1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at \*4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal.

Jan. 16, 2026). For the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claims.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's re-detention violated due process. Accordingly, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Chengxian Chen's (A# 218-111-869) immediate release and enjoining Respondents from re-detaining him without first providing him notice and an opportunity to be heard; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: August 4, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

6